UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBECCA A. JACKSON,

    Plaintiff,

v.                                                                    CASE NO. 3:25-cv-22-SJH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). In a decision dated March 13, 2024, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from February 12, 2021, the alleged disability onset date, through the date of decision. Tr. at 14-29. For the reasons herein, the Commissioner's decision is due to be **affirmed**.

    **I.**    **Issue on Appeal**

Plaintiff raises a single issue on appeal, arguing "[t]he ALJ's RFC determination was not supported by substantial evidence due to [her] failure to properly evaluate the medical opinion of John DeCerce, M.D." Doc. 15 at 8 (emphasis removed).

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

## II. Standard of Review

Plaintiff appeals the denial of her applications for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*, and for SSI under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*[2] The terms of judicial review for each are set by 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)). Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "'more than a mere scintilla'" of evidence, the threshold for this standard "is not high[,]" *id.*, and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it

---

[2] The regulations under Title II are located at 20 CFR pt. 404. The regulations under Title XVI are located at 20 CFR pt. 416.

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

2

"would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315-16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

On review, "'it is proper to read the ALJ's decision as a whole, and ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]'" *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir. 2024) (citations omitted); *see also Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at *7 (M.D. Fla. May 25, 2023); *Jesus v. Comm'r of Soc. Sec.*, No. 6:20-cv-1930-EJK, 2022 WL 2293887, at *4 (M.D. Fla. Feb. 9, 2022).

### III.   The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected

to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 382c(a)(3)(A).[4] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[5] The ALJ applied this five-step sequential process. Tr. at 18-29.[6] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 12, 2021, the alleged disability onset date. *Id.* at 20. The ALJ found at step two that Plaintiff "has the following severe impairments: disorders of the cervical and lumbar spine and peripheral neuropathy (20 CFR 404.1520(c) and 416.920(c))" *Id.* (emphasis removed). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that

---

[4] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4); *Flowers*, 97 F.4th at 1308; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[6] The ALJ found Plaintiff meets the insured status requirements through March 31, 2025. *Id.* at 20. Title II of the Act "'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citation omitted). Title XVI of the Act "provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status.'" *Id.* (citation omitted).

meets or equals a listed impairment. *Id.* at 22. The ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; needs to avoid concentrated exposure to extreme heat and cold, humidity, wetness, and pulmonary irritants; can tolerate occasional exposure to hazards such as unprotected heights and moving mechanical parts.

*Id.* at 23 (emphasis removed). The ALJ found at step four that Plaintiff is capable of performing past relevant work and, in addition and alternatively at step five, that jobs exist in significant numbers in the national economy that she can perform; as such, the ALJ found Plaintiff is not under a disability. *Id.* at 27-29.

### IV. Analysis

Plaintiff raises a single issue on appeal, arguing "[t]he ALJ's RFC determination was not supported by substantial evidence due to [her] failure to properly evaluate the medical opinion of John DeCerce, M.D." Doc. 15 at 8 (emphasis removed). In determining the persuasiveness of a medical source's medical opinions, supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ *must* explain the consideration of these two factors and *may*, but need not, explain consideration of the others. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20

5

C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ explained, *inter alia* and as specifically pertaining to Dr. DeCerce, as follows:

> [Plaintiff] treated with Dr. DeCerce since prior to her alleged onset date. She reported back and neck pain radiating to her extremities, consistent with her reports in a pain questionnaire submitted in June 2021 (Exhibit 4E). General examination findings revealed moderate distress due to pain with all findings in the normal range. Neurological findings revealed normal mental and cognitive status, clear speech and normal cranial nerves, 5/5 motor strength and all other normal motor findings, normal sensory findings, and normal reflexes and gait. Musculoskeletal findings were significant for limited cervical and lumbar range of motion, spasm, tenderness, and trigger points. She had positive left straight leg raise and positive foraminal compression test. Imaging revealed L1-2 bulging disc, herniation and stenosis at L2-3 and L3-4 with compression on the L4 nerve root, and loss of disc height, herniation, and stenosis at L4-5. She had herniated discs at C2-3, C3-4, and C6-7 and annular bulging at C4-5. EMG/NCV revealed normal nerve conduction study of her upper extremities and needle electromyography revealed evidence of radiculopathic changes in C8-T1 innervated muscles bilaterally. An MRI of the thoracic spine was unremarkable. Lumbosacral radiculopathy, lumbago with sciatica, and cervical radiculopathy were assessed. Her symptoms were treated with Clorazepate, Norco (briefly, though she elected to discontinue this medication so as to continue taking a benzodiazepine for insomnia), and Gabapentin. (Exhibits 6F, 8F, 19F, 23F)
> …
> Dr. DeCerce opined the claimant cannot perform even activities consistent with sedentary exertional level work, noting she has constant pain, drops items, and limited ability to tolerate positional changes. Dr. DeCerce opined the claimant cannot perform any work (though he later

>notes she is capable of low stress jobs but would be absent from work more than 4 days per month) or activities of daily living and cannot twist, stoop, bend, crouch, squat, or climb stairs. (Exhibit 4F) Dr. DeCerce's opinion is not persuasive or supported by his own examination findings showing normal motor activity or other notations in treatment records citing the claimant's reports that she is active all the time. He notes she cannot twist, stoop, bend, crouch, squat, or climb stairs, yet she told the consultative examiner that she performs a wide array of activities that would require these postural movements, and she continues to work as a cashier and stocker part-time. (Exhibit 4F) Dr. DeCerce's opinions appear to be based largely on the claimant's reports of the limitations identified in the medical source statement and not his examination findings. Accordingly, the opinion is not persuasive.
>
>Dr. Koenig testified as a medical expert. He reviewed the record and listened to the claimant's testimony. He confirmed the claimant's severe impairments and opined that no listing is met or equaled. Dr. Koenig opined the claimant should be limited to no more than lifting and carrying 20 pounds occasionally and 10 pounds frequently. Dr. Koenig confirms that the claimant's work duties require far greater postural activities than Dr. DeCerce's restrictions would allow. Dr. Koenig opined that Dr. DeCerce's opinion is far more restrictive than supported by the objective evidence and her current work activities. There is a lack of imaging or any objective medical evidence to support the limited use of the upper extremities as opined by Dr. DeCerce as well as the conservative treatment for the claimant's symptoms. Accordingly, Dr. Koenig's opinions are persuasive, as he had the opportunity to review the objective evidence and is a medical expert. His opinion is further supported by the claimant's ability to perform work activity at or near substantial gainful activity levels of work activity in a light exertional level job.

Tr. at 25, 27. Plaintiff argues that the ALJ erred "particularly due to a lack of consistency factor analysis" in that "the ALJ's evaluation of the opinion was entirely focused on its supportability, while completing omitting any analysis of the consistency factor." Doc. 15 at 8, 10. In addition, while acknowledging the ALJ considered the supportability factor in evaluating Dr. DeCerce's opinion, Plaintiff

7

argues "her reasons for discounting it were not supported by substantial evidence." *Id.* at 12. The undersigned addresses each argument in turn.

Plaintiff primarily argues that the ALJ failed to discuss any consistency analysis. *Id.* at 8-12. This argument fails for multiple reasons. First, Plaintiff misstates and underrepresents the ALJ's analysis. *See id.* at 9-10. Plaintiff selectively quotes and cites only a portion of the ALJ's discussion, ignoring other discussion from the ALJ, including her detailed discussion about the persuasiveness of the opinions and testimony from medical expert Dr. Koenig and their inconsistency with that of Dr. DeCerce. *Compare, e.g., id. with* Tr. at 27. Defendant highlights this flaw in its response brief, *see* Doc. 19 at 8-9, yet Plaintiff continues in her reply to pretend the ALJ's consistency comparison to Dr. Koenig did not exist, *see generally* Doc. 20.

For this reason alone, Plaintiff's consistency argument fails. Substantial evidence supports the ALJ's analysis and findings that Dr. Koenig's opinions were persuasive and inconsistent with that of Dr. DeCerce. *See, e.g., Smith v. Soc. Sec. Admin., Comm'r*, No. 22-11407, 2023 WL 6938521, at *6 (11th Cir. Oct. 20, 2023). And Plaintiff, who has made no acknowledgment or argument whatsoever concerning the ALJ's discussion of Dr. Koenig, does not contend otherwise. To the extent Plaintiff's silence as to Dr. Koenig constitutes an implicit argument that the ALJ's discussion directly comparing and referencing Dr. Koenig's opinions to Dr. DeCerce's should be disregarded due to a paragraph break, any such argument is misguided. *See Raper*, 89 F.4th at 1275; *Martin*, 2023 WL 3644419, at *7; *Jesus*, 2022 WL 2293887, at *4; *see also*

8

*Adams v. Soc. Sec. Admin., Comm'r*, No. 23-11233, 2024 WL 2846726, at *3 (11th Cir. June 5, 2024) ("[A]lthough ALJs are required to discuss consistency, their opinions should be read as a whole and need not repeat a discussion of the facts that establish inconsistency, merely to place it near the conclusion that an opinion is inconsistent with the medical evidence."); *Sergent v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:23-cv-1323-MMH-MCR, 2025 WL 634432, at *2 (M.D. Fla. Feb. 27, 2025).

Though the foregoing is dispositive of Plaintiff's consistency argument, that argument further fails for additional reasons. Even looking for sake of discussion only to the selective and partial discussion argued by Plaintiff, the ALJ *still* properly discussed consistency. Plaintiff originally argued that the ALJ performed *no* consistency analysis. Doc. 15 at 8. That is plainly not so. In even the partial discussion quoted by Plaintiff, the ALJ explained the inconsistencies between Dr. DeCerce's opinion and (i) Plaintiff's work history; and (ii) Plaintiff's reports of daily living to a different consultive examiner. *See id.* at 9; Tr. at 27. That is a consistency analysis, and a proper one. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).[7] Defendant accurately notes this (among other things) in its response. *See* Doc. 19 at 9-11. In her reply,

---

[7] Plaintiff's argument that the ALJ "blatantly mischaracterized" the evidence, Doc. 15 at 10-11, readily fails and is predicated on a misrepresentation of the actual statements by the ALJ. *See id.* First, that the other consultative examiner referenced was a psychological examiner is not inconsistent with anything written by the ALJ. *See id.* at 9. Nor is it *material*, given that the inconsistency pertained to Plaintiff's self-reports of activities in daily living. *See id.* Finally, the ALJ wrote that Plaintiff was in fact continuing to work, which she was, not that she had told the consultive examiner of continued work at a different time. *See id.* By reworking (and ignoring the comma in) the ALJ's discussion, Plaintiff attempts to change the ALJ's meaning. *See id.*; *see also* Doc. 19 at 10. In short, Plaintiff's mischaracterization argument fails and, ironically, rests on her own mischaracterizations.

Plaintiff attempts to pivot, primarily arguing that consistency is "a comparison to nonmedical *and medical sources*" and that at most the ALJ made a nonmedical consistency comparison but "failed to compare Dr. DeCerce's opinion to any medical sources, thus completing only half of the analysis." Doc. 20 at 2-4. This pivot is both factually and legally without merit.[8]

Preliminarily, Plaintiff's underlying factual premise is wrong. As discussed above, the ALJ plainly made a comparison to medical sources, including the inconsistent but persuasive opinions of medical expert Dr. Koenig. Beyond that, the legal premise is also flawed. The ALJ considered the entire record in formulating the RFC. Tr. at 20, 29. While Plaintiff is correct that a consistency analysis requires comparison to medical and nonmedical sources, that means an opinion's inconsistency with *either* is a valid consideration for undermining its persuasiveness. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *cf. Spann v. Comm'r of Soc. Sec.*, No. 8:24-cv-961-JSM-SPF, 2025 WL 2109209, at *8 (M.D. Fla. July 10, 2025) ("[T]he ALJ need not rely on an inconsistent medical opinion to find a different medical opinion unpersuasive. Instead, the ALJ need only consider the factors outlined the regulations

---

[8] To the extent Plaintiff through her argument attempts to revert to the old treating-physician rule, *e.g.* Doc. 20 at 2-3, such is further unpersuasive. Though ALJs were previously "instructed to defer to the medical opinions of a social security claimant's treating physicians" and to give such opinions more weight "unless there was good cause not to do so[,]" that rule was eliminated in 2017. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). For claims, like this one, filed on or after March 27, 2017, "an administrative law judge must 'not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources.'" *Id.* at 897 (quoting 20 C.F.R. § 404.1520c(a)); *see also Spurgeon v. Soc. Sec. Admin., Comm'r*, No. 22-10999, 2024 WL 1395258, at *1, 4-5 (11th Cir. Apr. 2, 2024); *Sunderman v. O'Malley*, No. 8:23-cv-01367-AAS, 2024 WL 3811933, at *5 (M.D. Fla. Aug. 14, 2024).

and articulate how she considered the supportability and consistency factors."), *report and recommendation adopted*, 2025 WL 2106656 (M.D. Fla. July 28, 2025). "Consistency requires 'the evidence from other medical sources *and* nonmedical sources' to be consistent with the medical opinion presented." *Hardy v. Comm'r of Soc. Sec.*, No. 6:24-CV-587-NPM, 2025 WL 925849, at *4 (M.D. Fla. Mar. 27, 2025) (emphasis added). And "[a]n ALJ need only cite relevant evidence that a reasonable person would accept to support a conclusion." *Id.* at *4-5 (holding consistency analysis sufficient even where predicated solely on comparison to evidence from other medical sources).[9] Indeed, an ALJ need not "refer to every piece of evidence in [her] decision'" and may specify "'the evidence that supports [her] conclusion.'" *Garvin v. Comm'r of Soc. Sec.,* No. 2:23-cv-1027-SPC-KCD, 2024 WL 4956767, at ** 2, 4 (M.D. Fla. Aug. 23, 2024), *report and recommendation adopted*, 2024 WL 4647944 (M.D. Fla. Nov. 1, 2024); *see also Yetter v. Comm'r of Soc. Sec.*, No. 2:24-cv-758-JLB-KCD, 2025 WL 2083673, at *3 (M.D. Fla. Mar. 21, 2025), *report and recommendation adopted*, 2025 WL 1872574 (M.D. Fla. July 8, 2025). For all the above reasons, Plaintiff's consistency arguments fail.

Finally, while acknowledging the ALJ considered the supportability factor in evaluating Dr. DeCerce's opinion, Plaintiff argues "her reasons for discounting it were not supported by substantial evidence." Doc. 15 at 12. Plaintiff argues that "[t]he ALJ

---

[9] To that end, an ALJ can properly articulate a consistency analysis finding an opinion unpersuasive solely by referencing a claimant's inconsistent activities of daily living. *See, e.g.*, *Melendez v. Comm'r of Soc. Sec.*, No. 20-CV-6695 (BCM), 2022 WL 912928, at *7 (S.D.N.Y. Mar. 28, 2022).

11

alleged the opinion was largely based on subjective reporting, and was not supported by Plaintiff's reported activities and normal motor activity" but "[t]hat Plaintiff may have had normal motor activity is insufficient to discount Dr. DeCerce's opinion when the ALJ neglects to consider remaining objective evidence." *Id.* at 12-13. Then, after citing her more favorable view of evidence, Plaintiff accuses the ALJ of cherry-picking and in turn speculating. *Id.* at 13-14.

      These arguments are unpersuasive. Plaintiff, not the ALJ, has engaged in cherry-picking. The ALJ summarized in detail the treatment notes from Dr. DeCerce. Tr. at 25. In doing so, she acknowledged substantially the same restrictive notes that Plaintiff contends she ignored. *Compare id. with* Doc. 15 at 13. But the ALJ *also* cited, and Plaintiff glosses over, normal notes and findings by Dr. DeCerce that undercut the severe restrictions to which Dr. DeCerce opined. *Compare* Tr. at 25 *with* Doc. 15 at 13. In short, substantial evidence supports the ALJ's findings that "Dr. DeCerce's opinion is not persuasive or supported by his own examination findings showing normal motor activity or other notations in treatment records citing the claimant's reports that she is active all the time." Tr. at 27. In turn, the resulting analysis that "Dr. DeCerce's opinions appear to be based largely on the claimant's reports of the limitations identified in the medical source statement and not his examination findings" is also supported by substantial evidence (and, in any event, unnecessary to sustain the ultimate determination that his opinions were unpersuasive). *See id.* On this record, Plaintiff's "cherry-picking argument" is merely an invitation——which the undersigned

declines—to impermissibly reweigh the evidence. *See, e.g., Daniels v. Comm'r of Soc. Sec.*, No. 3:23-CV-442-WWB-PDB, 2024 WL 4182357, at *2 (M.D. Fla. Sept. 13, 2024) (rejecting "Plaintiff's 'cherry-picked evidence' argument as simply an invitation for the Court to reweigh the evidence'"); *see also Garvin*, 2024 WL 4647944, at *2 ("Plaintiff otherwise highlights evidence favorable to a disability finding and argues the ALJ 'cherry-picked' evidence 'in order to mischaracterize the consistency and supportability' of [the opinions at issue]. But 'there is a fine line between evaluating [an ALJ's] decision for "cherry-picking" and reweighing the evidence.' Plaintiff asks the Court to cross this line. [The Magistrate Judge] wisely declined to do so, and this Court does as well. Indeed, the ALJ spent several pages outlining both favorable and unfavorable evidence. That the ALJ did not reference every piece of favorable evidence, without more, is not a ground for reversal.") (internal citations omitted); *Perron v. O'Malley*, No. 8:23-cv-2051-WFJ-SPF, 2024 WL 4144163, at *5 (M.D. Fla. July 29, 2024), *report and recommendation adopted*, 2024 WL 3948889 (M.D. Fla. Aug. 27, 2024); *Young v. Comm'r of Soc. Sec.*, No. 3:22-cv-307-DNF, 2023 WL 3194812, at *5 (M.D. Fla. May 2, 2023).

Defendant correctly observes as much in its response. *See* Doc. 19 at 11-13. In reply, Plaintiff argues Defendant's argument is a mere *post-hoc* rationalization. Doc. 20 at 5-6. Per Plaintiff, "[t]hat the ALJ summarized other normal findings elsewhere in the decision is irrelevant when there was no accompanying analysis of that evidence in the context of the medical opinion." *Id.* Not so: when considering Dr. DeCerce's

13

opinions and finding them unpersuasive, the ALJ expressly cited, among other things, "his own examination findings showing normal motor activity[.]" Tr. at 27. And the ALJ had earlier in detail discussed such findings. *Id.* at 25. The ALJ's decision, properly read as a whole, stands on its own without need for *post-hoc* rationalization. *See Raper*, 89 F.4th at 1275; *Martin*, 2023 WL 3644419, at *7; *Jesus*, 2022 WL 2293887, at *4; *see also Adams*, 2024 WL 2846726, at *3; *Sergent*, 2025 WL 634432, at *2; *Deaton v. O'Malley*, No. 24-cv-60075, 2024 WL 3964925, at *6 (S.D. Fla. Aug. 28, 2024).

### V.     Conclusion

Ultimately, Plaintiff's briefs generally recite her view of evidence the ALJ could have weighed differently to reach a different conclusion as to the opinion of Dr. DeCerce. That is of no moment. It matters not if a reviewing court "would have reached a different result" or "even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *See Flowers*, 97 F.4th at 1309. Nor may a reviewing court "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also Rodriguez*, 118 F.4th at 1315-16; *Martin*, 894 F.2d at 1529. Because the ALJ's decision clears "the low evidentiary bar" of substantial evidence, it is due to be affirmed. *See Flowers*, 97 F.4th at 1309; *see also Garvin*, 2024 WL 4647944, at *2-3; *Cruz v. Comm'n of Soc. Sec.*, No. 2:22-cv-603-KCD, 2023 WL 7487422, at *4 (M.D. Fla. Nov. 13, 2023); *Martin*, 2023 WL 3644419, at ** 2, 9.

Accordingly, it is **ORDERED**:

1.     The Commissioner's decision is **affirmed**.

2. The Clerk of Court is **directed** to enter judgment accordingly, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 24, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record